UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY MORRIS, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:25-cv-00020-MTS |
| ACME ELECTRIC MOTOR, INC. *doing business as* ACME TOOLS, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Pending Arbitration. Doc. [13]. The Court has thoroughly reviewed Defendant's Memorandum in Support of its Motion, Plaintiff's Response in Opposition, Defendant's Reply thereto, and all the exhibits attached to the memoranda. The Court summarily disposes of multiple meritless arguments in Plaintiff's Response in Opposition. *See* Doc. [21] §§ (A)–(B). Indeed, some of Plaintiff's legal contentions therein disregard—or, at the very least, come perilously close to disregarding—Federal Rule of Civil Procedure 11(b). *See, e.g.*, Doc. [21] at 4 (wrongly proclaiming that Defendant's sweepstakes "is indisputably an illegal lottery").[1]

---

[1] Defendant's Reply details why the sweepstakes was not an illegal lottery. Doc. [22] at 11–15. Inter alia, individuals could enter it by mail without signing up to receive promotional text messages. *See* Mo. Const. art. III § 39; *see also* James B. Egle, Jeffrey A. Mandell, *Sweepstakes and Contests in the Digital Age*, 37 Franchise L.J. 43, 54 (2017) (discussing how alternate methods of entry—like the "typical" one via mail—may be "utilized to avoid the consideration element," including avoiding the possibility of "'hidden' consideration" in the form of "benefits

Plaintiff's meritless arguments aside, the Court concludes that Defendant's Motion must be denied because a material fact remains in dispute over whether the parties agreed to arbitrate this matter. "'[T]he arbitrability of a dispute is a gateway issue' and 'the parties are entitled to have the correct venue—court or arbitration—established at the outset.'" *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 863 (8th Cir. 2022) (quoting *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 404 (8th Cir. 2021) (per curiam)). "When a motion to compel arbitration relies on matters outside of the pleadings, a district court must treat the motion as one of summary judgment." *Vargas v. J&J Snack Foods Corp.*, 4:22-cv-01187-MTS, 2023 WL 4579325, at *2 (E.D. Mo. July 18, 2023). Plaintiff has sworn, under penalty of perjury,[2] that he never entered his phone number, nor any information for that matter, on Defendant's website. *See* Doc. [21-1] ¶¶ 7–8, 12–13. Given that Defendant has no conclusive evidence that Plaintiff himself did so, a jury could credit Plaintiff's testimony and find that Plaintiff never entered into the contract with Defendant containing the arbitration provision at issue.[3] *See Teleconnect Co. v.*

---

to the sponsor that are not obvious on their face, but which may meet the definition of consideration under state law").

[2] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years); *cf. Smith v. Foster*, No. 24-1391, 2024 WL 4988362, at *2 (7th Cir. Dec. 5, 2024) (unsigned order) (noting that "district courts may subject perjurious testimony from any party to sanctions and refer the matter to the United States Attorney to consider possible criminal prosecution"); *Ger-Nis Int'l, LLC v. FJB, Inc.*, 1:07-cv-0898-CM, 2008 WL 2704384, at *16 (S.D.N.Y. July 3, 2008) ("All parties should be aware that this court will not hesitate to refer instances of perjury to the United States Attorneys' Office for investigation and prosecution.").

[3] The fact that Plaintiff's phone number affirmatively opted-in to receive text messages from Defendant may well doom Plaintiff's claims on their merits, but Defendant has not pointed the Court to anything in the record showing that the text message contained the arbitration provision or formed the basis of accepting the contractual terms.

*Ensrud*, 55 F.3d 357, 359 (8th Cir. 1995) ("Neither the weighing of evidence nor the assessment of credibility is appropriate at the summary judgment stage."); *Hossaini v. W. Mo. Med. Ctr.*, 97 F.3d 1085, 1088 (8th Cir. 1996) ("[T]he court cannot weigh the evidence or grant summary judgment merely because it believes the nonmoving party will lose at trial.").

Where a district court finds "that material facts remain in dispute as to whether the parties agreed to arbitrate" the "next step" is to hold a trial. *Duncan*, 20 F.4th at 403 (citing 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . [is at] issue, the court shall proceed summarily to the trial thereof.")). The Court recognizes, though, that the present Motion was submitted and briefed without either party having the benefit of discovery. The Court will allow a limited period of discovery to aid the adversarial process. *See Vargas*, 2023 WL 4579325, at *3; *Margulis v. HomeAdvisor*, 4:19-cv-0226-SRC, 2020 WL 4673783, at *1 (E.D. Mo. Aug. 12, 2020) (granting defendant's second motion to compel arbitration after limited discovery removed any genuine dispute of material fact as to the existence of an arbitration agreement); *see also Champ v. Siegel Trading Co.*, 55 F.3d 269, 276 (7th Cir. 1995) (noting that "a district court could order discovery pursuant to Fed. R. Civ. P. 26 on matters relevant to the existence of an arbitration agreement"); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 775 n.5 (3d Cir. 2013) (noting that "any time the court must make a finding to determine arbitrability, pre-arbitration discovery may be warranted"). After discovery, Defendant may refile a motion to compel arbitration if appropriate; if Defendant does not do so, the Court will set the arbitration issue for a prompt trial. *See* 9 U.S.C. § 4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Acme Electric Motor, Inc.'s Motion to Stay Pending Arbitration, Doc. [13] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties shall have ninety (90) days from the date of this Memorandum and Order to conduct limited discovery pertaining to the existence of an arbitration agreement. Discovery shall proceed as follows:

a. The parties shall make initial disclosures related to the existence of an arbitration agreement between Plaintiff and Defendant as required by Fed. R. Civ. P. 26(a)(1) no later than **Friday**, **June 13, 2025**.

b. The limits of five (5) depositions per side, ten (10) interrogatories per side, including subparts, ten (10) requests for production per side, and twenty (20) requests for admissions per side shall apply absent a showing of good cause or consent by both parties. Responses to interrogatories, requests for production, and requests for admission shall be due within **twenty-one (21) days of service**.

c. All discovery on this limited issue shall be completed by **Monday**, **September 08, 2025**.

d. Before moving for any Order relating to discovery, a movant must first communicate in good faith with opposing counsel to resolve the dispute, and opposing counsel must promptly respond. If the parties cannot reach an accord, a movant must then request an informal conference with the Court.[4] *Cf.* Fed. R. Civ. P. 16(b)(3)(B)(v). The parties **must** raise any discovery disputes with the Court in a diligent and timely manner, and in no event shall they be raised later than **Thursday**, **September 11, 2025**.

**IT IS FURTHER ORDERED** that any renewed motion to compel arbitration shall be filed no later than **Monday, September 15, 2025**. Any such motion shall conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 4.01. Any brief in opposition shall be filed within ten (10) days and shall include a Response to

---

[4] Parties may email: MOEDml_Schelp_Law_Clerks@moed.uscourts.gov.

Statement of Material Facts in accordance with Local Rule 4.01(e). Any reply brief shall be filed within seven (7) days of the filing of any response.

Dated this 9th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE