UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY MORRIS, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:25-cv-00020-MTS |
| ACME ELECTRIC MOTOR, INC. *doing business as* ACME TOOLS, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Extend Time to Respond for Interrogatories, Document Requests, and Requests for Admission.[*] Doc. [24]. The Court ordered limited discovery in this action for ninety days on matters relevant to the existence of an arbitration agreement. The Court limited each party to five depositions, ten interrogatories, including subparts, ten requests for production, and twenty requests for admission. The Court also required that the parties provide their responses within twenty-one days of service of any requests. *See, e.g.*, Fed. R. Civ. P. 34(b)(2) ("A shorter or longer time may . . . be ordered by the court.").

Plaintiff states that Defendant served him with its discovery requests on June 16, 2025, which means, pursuant to this Court's Order, his responses were due to Defendant

---

[*] Plaintiff failed to abide by this Court's Order related to discovery disputes. The Court ordered that, if the parties "cannot reach an accord" on a matter relating to discovery, then, "[b]efore moving for any Order relating to discovery," a movant must "request an informal conference with the Court." Doc. [23] at 4 (citing Fed. R. Civ. P. 16(b)(3)(B)(v)). The Court will summarily deny future requests not made in compliance with the Court's Order.

on July 7, 2025. Despite the compressed timeline of this limited discovery period, the Defendant provided Plaintiff with a sixteen-day extension, to July 23, 2025, to respond. *See* Fed. R. Civ. P. 29(b). That means that Defendant had thirty-seven days to prepare his responses and any objections—nearly twenty-five percent more time than in normal, full-scale merits discovery. *See, e.g.*, Fed. R. Civ. P. 33(b)(2). Nevertheless, in the afternoon on the day before his discovery responses are due to Defendant, Plaintiff filed the instant Motion, which Defendant opposes, seeking an additional fourteen days. Doc. [24]. The Court will not grant that extension.

Defendant has provided convincing, albeit inconclusive, evidence that Plaintiff agreed to the arbitration provision. In rebuttal, Plaintiff provided only a sworn declaration made under penalty of perjury. Now Plaintiff appears to recoil at the thought of Defendant probing the veracity of that sworn statement. Plaintiff has not shown good cause for more than doubling the time the Court provided him to submit his responses to the limited number of Defendant's requests on this narrow issue. The Court therefore will deny Plaintiff's Motion, at least in part. Though the Court hesitates to reward this type of eleventh-hour request, the Court will provide Plaintiff a slight extension, given that this denial comes on the day Plaintiff's responses would be due. *See* Fed. R. Civ. P. 6(b)(1)(A) (noting a district court may extend a deadline "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"). If Plaintiff fails to timely respond by this new deadline, the normal consequences will apply. *See, e.g.*, Fed. R. Civ. P. 36(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that, for the reasons explained herein, Plaintiff's Motion to Extend Time, Doc. [24], is **GRANTED** in part and **DENIED** in part in that Plaintiff shall respond to all of Defendant's June 16, 2025, discovery requests no later than **5:00 p.m. CDT** on **Friday**, **July 25, 2025**.

Dated this 23rd day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE